IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOYCE M. RILEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 14–cv–1255–MJR–CJP |
| | ) |
| COMM'R OF SOC. SEC., | ) |
| | ) |
| Respondent. | ) |

## __ORDER__

**REAGAN, Chief Judge:**

Section 405(g) of Chapter 42 of the U.S. Code sets a firm 60-day deadline in which a petitioner may seek judicial review of a final decision by the Commissioner of Social Security. In November 2014, the undersigned ordered Petitioner—who had applied to proceed *in forma pauperis*—to supplement her application with information pertaining to the date of the Commissioner's final decision. Plaintiff was ordered to provide that information by January 2, 2015. She failed to do so, and Judge Proud notified her that the case would be dismissed with prejudice should she not comply with the Court's order before January 20, 2015. Again, Petitioner failed to meet the deadline. Her case was dismissed with prejudice on January 21, 2015; final judgment was entered on January 27, 2015.

The case comes before the Court on Petitioner's April 2015 Motion to Set Aside Judgement pursuant to Federal Rule of Civil Procedure 60(b)(2). That Rule provides courts with the authority to "relieve a party … from a final judgment" on the grounds there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." **Fed. R. Civ. P. 60(b)(2).** In turn, Rule 59(b) provides that a "motion for a new trial must be filed no later than 28 days after the entry of judgment." **Fed. R. Civ. P. 59(b).**

The "newly discovered evidence" submitted here is a letter from the Appeals Council granting Petitioner until April 22, 2015 (the day she filed the instant motion) to file this civil action.[1] However, Petitioner's motion ignores the clear text of the Court's November 10 Order. There, the Court—well aware that Petitioner had requested an extension from the Appeals Counsel—simply ordered Petitioner to file *either* a decision on an extension of the 60-day deadline *or* a status report. Petitioner could have complied by filing a one-sentence report to tell the undersigned she was still waiting on the Appeals Council. When Judge Proud notified Petitioner of the impending dismissal of this action, she could have filed something—anything—to let the Court know she needed more time to resolve the § 405(g) issue. Again, though, she—or more accurately, her lawyer—filed nothing.

---

[1] The Commissioner takes no position as to whether the letter satisfies Rule 60(b).

2

Rule 41(b), under which the undersigned dismissed this case, is a sanction that permits dismissal when "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Brown v. Columbia Sussex Corp.*, **664 F.3d 182, 190 (7th Cir. 2011).** As described above, Petitioner's counsel twice failed to comport with simple, glaring warnings that dismissal was imminent without some sort of status report. The Appeals Council letter does not excuse counsel from missing the Court-imposed deadlines in the case, but it does (barely) suffice as material that could not have been discovered within 28 days of final judgment. Moreover, the Court is disinclined to visit the sins of Petitioner's lawyer against her.

Petitioner's motion for relief from judgment (Doc. 11) is GRANTED. Her motion for leave to proceed *in forma pauperis* (Doc. 6) is likewise GRANTED. The Clerk of Court shall REOPEN this case. A briefing schedule will be entered by the magistrate.

**IT IS SO ORDERED.**
**DATE: <u>September 17, 2015</u>**            s/ *Michael J. Reagan*
                                              **MICHAEL J. REAGAN**
                                              Chief Judge
                                              UNITED STATES DISTRICT COURT